examine the informer about her source of narcotics was improper. (*People v. West*, 3 Ill.App.3d 106, 118-119, 278 N.E.2d 233.) This questioning was particularly pertinent in light of the post-trial testimony of Officer Stanfield· that the informer was "an employee to help [them] with narcotics cases and [they] were trying to help her dispose of her habit." How they were helping her dispose of her habit was never disclosed.

· For these reasons I conclude that prejudicial error occurred depriving this defendant of a fair trial and that the judgment should be reversed and the cause remanded for a new trial.

THE PEOPLE *ex rel*. MAJOR WHITE, Relator-Appellant, *v*. ELZA BRANTLEY, Warden, Illinois State Penitentiary at Menard, Respondent-Appellee.

(No. 58188;

First District (5th Division)—September 28, 1973.

PER CURIAM.
LORENZ, J., took no part.

James R. Streicker, Assistant Appellate Defender, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, (James S. Veldman and Douglas Cannon, Assistant State's Attorneys, of counsel,) for appellee.